UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE MALDONADO,<br><br>        Plaintiff,<br><br>vs.<br><br>MARCY BRYAN CROFT, ROC NATION, LLC, MJ LEGAL, P.A., JESSICA SANTIAGO, QUINN EMANUEL URQUHART & SULLIVAN, LLP.<br><br>        Defendants, | CASE NO.: **4:25-CV-00345**<br><br>**PLAINTIFF'S MOTION TO REMAND**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.    INTRODUCTION

In removing this action from the 190th Judicial District Court of Harris County, Texas, Defendants Marcy Bryan Croft and MJ Legal, P.A. ("Croft") baldly assert that Plaintiff's allegations concerning two Texas-based defendants should be entirely disregarded because those defendants are not "real parties in interest" in this action.  Croft falsely claims that defendant Jessica Santiago is a "fictitious" individual, despite Plaintiff's allegations and evidence that this "fictitious person" repeatedly called the Plaintiff, showed up in person to Plaintiff's father's home, and admitted that she worked for defendant Croft.  Croft also falsely claims that

1

law firm Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") is improperly joined as a defendant because it is not adequately alleged to have a role in the malfeasance alleged, even though Quinn Emanuel was the *first* defendant sued as the result of a larger conspiracy alleged in Plaintiff's petition and in other related cases and has *admitted* its participation in Defendants' scheme.

Santiago and Quinn Emanuel are alleged to be Texas residents, which prevents removal of this action unless Croft can show, by clear and convincing evidence, that *both* have been improperly joined here. Croft has a high burden and cannot meet it. Defendant Santiago is unquestionably a real person, and any questions as to her full identity appear to be resolvable through knowledge Croft herself possesses. And Plaintiff has a "reasonable basis" for recovery against defendant Quinn Emanuel, which from the beginning has been at the center of legal battles arising out of Defendants' scheme alleged in this and other actions.

## II.   RELEVANT FACTS

This case arises out of a coordinated scheme by the Defendants to identify former clients of The Buzbee Law Firm ("Buzbee") and illegally solicit them to file frivolous suits against said firm. *See* Notice of Removal Exhibit 2 [Dkt. 1-2] at pp. 2-14 (hereinafter "Petition"). The named defendants in this action are Marcy Croft, MJ Legal, P.A. (together with Croft, "Croft"), Roc Nation, Jessica Santiago, and Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel"). Plaintiff alleges that he was contacted multiple times by Santiago and another investigator over the phone, who attempted to solicit Plaintiff to file a lawsuit against Buzbee, at times impersonating federal or state officials, and claiming that there was "money in it" for Plaintiff. *See* Notice of Removal Exhibit 2 [Dkt. 1-2] at pp. 4 [Petition p. 3]. Santiago disclosed her name to Plaintiff and stated that she worked for defendant Croft. *Id.* pp. 3-4 [Petition pp. 2-3]. Defendants Quinn Emanuel and

2

Croft are alleged to be orchestrating a campaign of similar solicitations to other Buzbee clients. Petition pp. 1-2, 11-12.

The scheme to commit barratry alleged in this action is itself part of a larger effort by Defendants to intimidate and harass Buzbee and its clients in retaliation for litigation filed by Buzbee against Shawn Carter, also known as the rapper Jay-Z, who is the founder of defendant Roc Nation and client of both Quinn Emanuel and Croft. The instant action is one of three related cases filed against these same Defendants for claims arising out of the same general course of conduct and nucleus of facts.

The first lawsuit, *The Buzbee Law Firm v. Quinn, Emanuel, Urquhart & Sullivan LLP*, Cause Number 2024-84902, 11th District Court of Harris County, Texas, was filed on December 5, 2024 by Buzbee solely against Defendant Quinn Emanuel, alleging that Quinn Emanuel hired a team of private investigators to intimidate, harass, malign and threaten Buzbee and its employees and clients. *See* Request for Judicial Notice ("RJN"), Ex. 1, at 1. The second lawsuit, *Garcia v. Marcy Bryan Croft, et al.,* alleging barratry and conspiracy against Defendants, was filed as Cause Number 2024-87692, 127th District Court of Harris County, Texas, on December 18, 2024, following the discovery of additional participants in the scheme. And the instant case, alleging facts similar to the *Garcia* action, was filed on January 3, 2025 as Cause Number 2025-00577, 190th District Court of Harris County, Texas. Thereafter, the *Buzbee Law Firm* case was amended to include the newly-identified defendants, including Croft, on January 27, 2025. *See* RJN Ex. 2.

Croft filed a notice of removal as to this case on January 28, 2025. *See* Notice of Removal (Dkt. 1.) Croft also filed notices of removal in the *Garcia* action on January 28, 2025, and in the *Buzbee Law Firm* action on January 29, 2025. The sole ground for removal Croft cites is diversity jurisdiction under 28 U.S.C. § 1332.

3

Of the Defendants, Jessica Santiago and Quinn Emanuel are alleged to be Texas residents. Petition p. 8.

### III. ISSUES TO BE DECIDED AND LEGAL STANDARD

The sole issue to be decided is whether this case has been improperly removed, and therefore should be remanded to the District Court of Harris County, Texas, due to the absence of diversity jurisdiction under 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and that removal is otherwise proper. *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). This is "a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.,* 99 F.3d 746, 751 (5th Cir. 1996). Due to federalism concerns, a court must strictly construe the removal statues in favor of remand and against removal. *Hicks v. Martinrea Auto. Structures (USA), Inc.,* 12 F.4th 511, 515 (5th Cir. 2021 (quotation omitted); *Gasch v. Hartford Accident & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007). All doubts as to removability are resolved in favor of remanding the case to the state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A defendant's ability to remove an action is limited in cases involving diversity of citizenship. Under 28 U.S.C. § 1441(b)(2), known as the "forum defendant rule," a suit that is "otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

4

To disregard the existence of forum defendants, a removing party must prove improper joinder by clear and convincing evidence. *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990)

## IV.     ARGUMENT AND AUTHORITY

### A.     Summary of Argument

Croft has not met her "heavy" burden to establish the existence of diversity jurisdiction here. The Petition alleges that two defendants are Texas residents. Croft must affirmatively establish that *neither* of them is a proper party here.

She has not and cannot do so. Croft claims that Jessica Santiago is a "fabrication," but Plaintiff's allegations establish that Santiago is very real, and that she contacted him numerous times by telephone and approached his father at his house. Santiago also disclosed that she worked for defendant Croft. If anything, Croft herself has the identifying information she claims Plaintiff lacks, and her arguments that Santiago is a fabrication or is otherwise unidentifiable are disingenuous. As to Quinn Emanuel, Croft asserts that Quinn Emanuel is not alleged to have made any acts in furtherance of the conspiracy alleged by Plaintiff. But Plaintiff's allegations against Quinn Emanuel are sufficient to survive the equivalent of a Rule 12(b)(6) challenge, and any deficiencies can easily be addressed through amendment. Since Croft cannot show that both Santiago and Quinn Emanuel have been improperly joined here, removal was improper and remand is necessary.

### B.     This Motion is Timely

Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." Croft's Notice of Removal was filed on January 28, 2025. *See* Notice of Removal (Dkt. 1). Because this motion was made within 30 days of January 28, 2025, it is timely.

C. **Croft's Assertion that Defendant Jessica Santiago is "Fictitious" is not Supported by "Clear and Convincing" Evidence and Cannot be a Basis for Removal**

Croft asserts that Texas-based defendant Jessica Santiago is a *fabrication* – that no such person exists – implying that Plaintiff invented her to secure state court jurisdiction. *See* Notice of Removal (Dkt. 1) at 2, 5 ("a nonexistent party cannot be considered for diversity purposes"), *id.* at 7 ¶ 24 ("nothing suggests that private investigator "Jessica Santiago" is even a real person"). As additional support for her claim that Santiago is a fabrication, Croft observes that Plaintiff has not alleged an address or identifying information for Santiago and that no "registered investigator" by that name resides in Harris County. *See id.* Croft also argues that Jessica Santiago is a fictitious name, and under 28 U.S.C. § 1441, the "citizenship of defendants sued under fictitious names shall be disregarded." Notice of Removal at 6, ¶ 18. To justify removal, it is Croft's burden to establish these assertions by clear and convincing evidence. *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990) (citation omitted). She has not and cannot.

First of all, Croft's assertion that the person referred to in the Petition as "Jessica Santiago" is "fabricated" or "nonexistent" is directly contradicted by Plaintiff's allegations in the Petition, which must be credited here. *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 U.S. Dist. LEXIS 142526, 2014 WL 4999465, at *2 (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) ("In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor.") Plaintiff Maldonado alleges that a woman calling herself Jessica Santiago called him numerous times and approached his father, in person, at his house. *See* Notice of Removal Ex. 2 (Dkt. 1-2) at 11 [Petition p. 10]. Plaintiff further alleges that

6

Santiago stated that she worked for "Marcy Croft." *Id.*

Whether or not "Jessica Santiago" is that woman's real name, she is not "fabricated" or "nonexistent." She is real, and Plaintiff has alleged that she lives in Harris County. Notice of Removal Ex. 2 (Dkt. 1-2) at p. 9 [Petition at 8]. Plaintiff's counsel's own investigation has revealed dozens of women named "Jessica Santiago" in Harris County and elsewhere in Texas who could be the woman who spoke with Plaintiff. Croft engages in sleight of hand by asserting that no "Jessica Santiago" in Harris County is a *registered* or *licensed* private investigator. Notice of Removal (Dkt. 1) at 6-7, ¶¶ 20-22. But Plaintiff has never pleaded that Ms. Santiago was registered or licensed – only that she *claimed* to be an investigator and that she worked for Marcy Croft. Notice of Removal Ex. 2 (Dkt 1-2) at pp. 11-12 [Petition at 10-11].

And it is the direct link between Santiago and Marcy Croft that renders Croft's arguments here so disingenuous. First of all, it has to be the case that Jessica Santiago does indeed work for Croft in some capacity. There is simply *no way* that a woman claiming to be an investigator contacts Jose Maldonado in Houston, Texas, and states that she works for an attorney in Mississippi named Marcy Croft *unless she actually works for Marcy Croft*. And that implies that Croft knows, or in any case can identify, the woman who held herself out to Plaintiff as Jessica Santiago. Presumably Croft does not want to acknowledge this because to do so would be to flatly admit her own participation in the barratry conspiracy alleged by Plaintiff. But for Croft to claim that Jessica Santiago is "nonexistent" is outrageous.

In the same way, Plaintiff has not alleged Ms. Santiago as a "Doe." Ms. Santiago is not a theoretical person whom Plaintiff merely hypothesizes had something to do with the conduct alleged here. Plaintiff has named Ms. Santiago

as a defendant under the name that he was given by her. Again, to the extent that "Jessica Santiago" is a fake name, the person best suited to provide her actual identity appears to be Croft.

In any event, because Croft identifies only Santiago's "fictitious" nature or name as a basis for disregarding her for diversity purposes, it is Croft's burden to prove that defendant Santiago *is in fact* "fictitious" or fictitiously named as a Doe equivalent and therefore improperly joined as a defendant. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). She has not done so. The woman Plaintiff spoke with clearly exists and has been sued in the only name given to Plaintiff. Santiago clearly participated in the conduct alleged at the direction of Croft. To the extent that remand or removal turns on Ms. Santiago's full identity and residence (which it does not, as explained below), Plaintiff is entitled to discovery on jurisdictional matters and suggests that discovery from Croft as to Jessica Santiago's existence and identity is required here.

D. **Plaintiff has Alleged Sufficient Facts to Support a Cause of Action Against Defendant Quinn Emanuel.**

Croft contends that Quinn Emanuel is improperly joined and therefore cannot be considered for purposes of diversity jurisdiction. "There are two ways a removing party can establish improper joinder. It can show (1) actual fraud in a plaintiff's pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendants in state court." *Torres v. Trans Health Mgmt.*, 509 F. Supp. 2d 628, 631, 2006 U.S. Dist. LEXIS 45525, *5-6 (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). Croft does not claim actual fraud, so only the second prong of this test is relevant.

The question posed by that second prong is whether the removing defendant "has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *St. Charles Surgical Hosp. LLC v. Hub Int'l, Ltd.*, 535 F. Supp.

3d 588, 594 (E.D. La. 2021) (citing *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 U.S. Dist. LEXIS 142526, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014); *see also Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). This analysis is similar to that in a Rule 12(b)(6) motion to dismiss. *Smallwood*, 385 F.3d at 573.

Croft asserts that Plaintiff simply has not pleaded sufficient facts to establish that Quinn Emanuel has participated in the conduct or conspiracy alleged in this case. *See* Notice of Removal (Dkt. 1) at 7-11. But Quinn Emanuel has not been added to this case as an afterthought or as a dummy defendant in an attempt to retain Texas jurisdiction. At the outset of Defendants' conspiracy to harass and interfere with Buzbee and its clients, and before the identity of Croft or other defendants was known, Buzbee named Quinn Emanuel as the sole defendant in the first lawsuit arising out of the conspiracy. *See* RJN, Ex. 1.

Quinn Emanuel, therefore, has at all relevant times been alleged to be a driving force and orchestrator of Defendants' actions. *See* Notice of Removal (Dkt. 1). Croft disingenuously refers to Quinn Emanuel's early *denial* of involvement in the barratry scheme as being "cited" by Plaintiff to establish Quinn Emanuel's participation. *See* Notice of Removal (Dkt. 1) at 11, ¶ 35. But Plaintiff's point is quite the opposite. As Plaintiff goes on to state, which Croft does *not* cite, Quinn Emanuel's denial of its involvement, in open court through its counsel, was a bald-faced lie. Mere days after the firm denied its involvement in the "investigation" activities, Quinn Emanuel partner Alex Spiro openly admitted Quinn Emanuel's involvement – in direct contradiction of the prior representation to the Harris County court. In a brief filed with a New York court, Spiro stated "**Plaintiff's counsel [Buzbee] tried to prevent Quinn Emanuel from investigating Mr. Carter's claims of extortion** by trying to enjoin the firm from contacting anyone

related to the Buzbee law firm." *See* RJN, Ex. 3, at 17 fn. 1.

***In short, Quinn Emanuel admitted that they were involved in the "investigatory" actions that ultimately led to this and other lawsuits.*** In light of that admission, it is unclear what additional evidence needs to be submitted to establish at least a reasonable possibility that Quinn Emanuel is, and has always been, part of the conspiracy alleged by Plaintiff. And if Quinn Emanuel is part of that conspiracy, part of which is to commit barratry by soliciting false claims against Buzbee, it does not matter that Quinn Emanuel *itself* solicited employment from Buzbee's clients or otherwise satisfied each element of a claim for barratry. It is enough that Quinn Emanuel assisted, financed or otherwise enabled other participants in the conspiracy to do so. And Quinn Emanuel is alleged to have taken actions in furtherance of the conspiracy, in any event: for instance, by "instruct[ing] Croft and MJ Legal to send agents (private investigators) in Texas to the homes of the Firm's ex-clients who were also in Texas." *See* Notice of Removal (Dkt. 1) Exhibit 2, p. 11.

Fairly read, the Petition alleges that Quinn Emanuel is an orchestrator of a conspiracy to commit barratry and that Quinn Emanuel has instructed other members of the conspiracy regarding actions to be taken. Moreover, Quinn Emanuel has *admitted* its participation in the investigatory scheme, which alone is sufficient to demonstrate its *potential* liability. But to the extent that the allegations are found to be insufficient under a Rule 12(b)(6) standard, Plaintiff should be given leave to amend (and, indeed, intends to amend in light of the Rule 12(b)(6) motions recently filed by Defendants) in order to plead more specific facts as to each Defendant. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (the "usual course" upon granting a 12(b)(6) motion is to allow a plaintiff to amend his or her complaint).

## V. CONCLUSION

Croft has not satisfied her heavy burden to prove that Defendant Santiago is "fictitious" or that Plaintiff has no possibility of recovering on its claims against Quinn Emanuel. Accordingly, those defendants cannot be disregarded for purposes of diversity jurisdiction. For all of the above reasons, Plaintiff respectfully requests that the Court find Defendant Croft's removal improper, and remand this action to state court.

DATED this 27th day of February, 2025.

                      Respectfully submitted,

                      THE BUZBEE LAW FIRM

                      */s/: Anthony G. Buzbee*
                      Anthony G. Buzbee
                      Attorney-in-charge
                      State Bar No. 24001820
                      Fed. ID No. 22679

                      David C. Fortney
                      State Bar No. 24068740
                      Lionel Sims, III
                      State Bar No. 24107465
                      J.P. Morgan Chase Tower
                      600 Travis, Suite 7300
                      Houston, Texas 77002
                      Phone: (713) 223-5393
                      Facsimile: (713) 223-5909
                      tbuzbee@txattorneys.com
                      dfortney@txattorneys.com
                      lsims@txattorneys.com

                      **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

Plaintiffs' counsel hereby certifies that he attempted to confer with counsel for each Defendant regarding this Motion in connection with setting a schedule for this and related actions, in which counsel indicated they would oppose a motion for remand.

*/s/ David C. Fortney*
David C. Fortney

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and parties in accordance with the Federal Rules of Civil Procedure on February 27, 2025.

*/s/ David C. Fortney*
David C. Fortney
